(February 24, 1916.)[1]

W. ECCLES BAIRD, Appellant, v. A. D. ASH and NELLE MAE ASH, Respondents.

[156 Pac. 109.]

CONTRACT—CONSTRUCTION OF—FINDINGS OF FACT—INSUFFICIENCY OF EVIDENCE.

1. A. and A., for and in consideration of an automobile delivered to them by B., agreed to convey to B. by good and sufficient warranty deed forty acres of land in Minidoka county, on or before the first day of August, 1913, and in case A. and A. failed to convey said land to B. as aforesaid, then A. and A. promised to pay to B. the sum of $1,250, with interest thereon at the rate of six per cent from and after the first day of August, 1913, until paid; *held,* that when A. and A. failed to convey said land as agreed, a

cause of action accrued to B. against A. and A. for the recovery of said $1,250.

2. In said agreement it was stipulated that B. should reimburse A. and A. to the amount of two years' annual labor, said amount not to exceed forty dollars per year, for labor done upon said land. B. paid forty dollars for the year 1911 but did not pay the forty dollars for the work done in the year 1912. *Held,* that A. and A. had the right to offset said forty dollars against the $1,250 they agreed to pay, provided they failed to convey said land to B. as stipulated.

3. Evidence *held* insufficient to support the findings of the court.

'APPEAL from the District Court of the Fourth Judicial District, for Minidoka County. Hon. Edward A. Walters, Judge.

Action to recover the price of an automobile. Judgment for defendants. *Reversed.*

Charles A. Sunderlin, for Appellant.

If there is no connection in the matter of the promise, and the performance on the one side is quite independent of the performance on the other, the promises are in general independent and not conditional. (9 Cyc. 642; *Pollak v. Brush Electric Assn. of St. Louis,* 128 U. S. 446, 9 Sup. Ct. 119, 32 L. ed. 474.)

Where promises are divisible, that is, where the contract contains a number of promises to do a number of similar acts, a breach of one of them does not discharge the other party. (*Norris v. Harris,* 15 Cal. 226; 9 Cyc. 645, 648; *Hard v. Seeley,* 47 Barb. (N. Y.) 428; *Dey v. Dox,* 9 Wend. (N. Y.) 129, 24 Am. Dec. 137; *Long v. Caffrey,* 93 Pa. St. 526.)

Courts are disinclined to construe the stipulations in a contract to do certain things within a given time in consideration of the payment of money by the other party, as conditions precedent, unless compelled to do so by the express language of the contract. (*Booth v. Tyson,* 15 Vt. 515; 9 Cyc. 645; *Wooten v. Walters,* 110 N. C. 251, 256, 14 S. E. 734, 736.)

If the promisor has the right to do one of two things by a given day, his right of election is lost if that day passes with-

out his electing. (*Curtin v. Ingle*, 143 Cal. 354, 77 Pac. 74; *Johnson v. Johnson*, 31 Utah, 408, 88 Pac. 230.)

Hyatt & Lamme, for Respondents.

Neither party to a contract can maintain an action against the other party to enforce the performance of the contract without first having actually performed his part thereto or tendered a performance thereof. (9 Cyc. 643; *Peasley v. Hart*, 65 Cal. 522, 4 Pac. 537; *Green v. Covillaud*, 10 Cal. 317, 70 Am. Dec. 725; *Bank of Columbia v. Hagner*, 1 Pet. (26 U. S.) 455, 464, 7 L. ed. 219, 223; *Kessler v. Pruitt*, 14 Ida. 175, 93 Pac. 965.)

"When the delivery of a deed by one party and payment by the other are dependent, the one on the other, neither party can maintain an action for the breach without showing performance on his part." (*Frey v. Johnson*, 22 How. Pr. (N. Y.) 316, 325; *Beecher v. Conradt*, 13 N. Y. 108, 64 Am. Dec. 535; *Culver v. Burgher*, 21 Barb. (N. Y.) 324, 325; *Lester v. Jewett*, 11 N. Y. 453.)

SULLIVAN, C. J.—This is an action to recover $1,250 upon a certain contract, with interest and attorneys' fees. After a trial the court made findings of fact and entered judgment in favor of the defendant. The appeal is from the judgment. Certain errors are assigned and a reversal of the judgment prayed for.

The contract upon which this action was brought is as follows:

"This agreement witnesseth: That I, A. D. Ash, for and in consideration of the receipt of one automobile described in Bill of Sale of even date hereof, and received by me from R. E. Baird, I do hereby promise and agree to deliver to the said R. E. Baird by good and sufficient Warranty Deed on or before August 1st, 1913, nineteen hundred and thirteen, A. D., free and clear of all encumbrances, the following described property, to wit: All of the Southeast quarter of the Northeast quarter of Sec. 18, Township 11 South, Range 27 East, Boise Meridian, and containing forty acres, more or

less, according to the U. S. Survey thereof, being a part of the original entry of Robert Ward and Mary Ward, together with full water right appertaining to said land and being a part of Water Permit #4751.

"It is further agreed that the said R. E. Baird shall reimburse the said A. D. Ash to the amount of two years "Annual proofs" said amount not to exceed $40.00 per year.

"In case the said A. D. Ash fails to deliver to the said R. E. Baird the above described land as above specified, then and in that case, I, A. D. Ash or Nelle Mae Ash do promise to pay to the said R. E. Baird the sum of Twelve Hundred and Fifty Dollars ($1250.00) in lawful money of the United States with interest at the rate of six per cent per annum.

After August 1st, 1913, until paid, or maturity (Aug. 1, 1913).

"In case suit be instituted for the collection of this note I agree to pay reasonable attorney's fees.

"It is expressly understood that if the said A. D. Ash does furnish to the said R. E. Baird at any time before Aug. 1, 1913, Warranty Deed and water certificate as above specified, then and in that case this agreement and note shall become null and void.

"Signed this Fourth day of August, A. D. 1910."

Said contract was signed by defendant Ash and his wife and the assignor of the plaintiff.

The defendants admit the making of said contract but sought to avoid the contract by setting up the fact that one of the payments of forty dollars on annual labor, stipulated to be paid in said contract, had not been paid.

The main question here presented is whether the failure of plaintiff to reimburse the defendants to the extent of forty dollars for work necessary to be performed upon said land in the year 1912, in order that the annual proof could be made as required by the laws of Congress, was sufficient cause for defeating the plaintiff in a recovery in this action.

The contract provides that "Baird shall reimburse the said A. D. Ash to the amount of two annual proofs, said amount not to exceed $40.00 per year." That provision contemplates

that Ash shall perform the required labor and that Baird shall reimburse him therefor in a sum not to exceed forty dollars a year. Ash was to perform the labor before he could demand reimbursement, hence the failure to pay said forty dollars did not prevent Ash from making his annual proof, and it is not contended that it did, since if the labor was done the proof could be made. The performance of the labor was a condition precedent to the payment of the forty dollars. After making the proofs of labor for each year, it was necessary for the defendant Ash to make final proof for said land in order to procure a title from the government. He had not made his final proof on the first day of August, 1913, and hence was not in a position to comply with said agreement so far as the conveyance of said land was concerned, and the evidence shows that the failure to pay said forty dollars in 1912 did not prevent the defendants from making final proof for said land.

Having failed to convey the land in accordance with said contract, he was then obligated to pay $1,250 in cash for said automobile. He had received the automobile, which in addition to eighty dollars was the consideration to be paid for the land, and he had also received forty dollars of the eighty. As appears from the record, Ash now has the automobile, forty dollars in money and title to the land. Having failed to convey the land in the time required by the contract, the $1,250 less the reimbursement of the forty dollars which the plaintiff agreed to pay for work on said land became due and payable on August 2, 1913.

The defendants having failed to comply with their contract in the conveyance of said land, this action was brought on the eighth of October, 1913, to recover the $1,250 which the defendants had agreed to pay in case they failed to convey the land by the 1st of August, 1913.

There is no substantial conflict in the evidence, and the trial court found, among other things, that the plaintiff violated the terms of said contract by neglecting and refusing to pay said defendants the sum of forty dollars on the annual labor performed on said land for the year 1912, and found

"that said forty dollars was to be paid defendants on the performance of said labor by them and before the submission of said annual proof to be made on said land for that year." The court clearly erred in making that finding, since it is not supported by the contract. The evidence is not sufficient to support the findings made by the court.

It would be most unjust and inequitable to permit the defendants to keep the land, the automobile and the forty dollars paid by plaintiff on the annual labor, simply because the plaintiff, or his assignor, had failed to reimburse them in the sum of forty dollars on the annual labor for the year 1912.

Under the facts of this case, when the defendants failed to convey the land, or tender a conveyance thereof, on or before the first day of August, 1913, as stipulated in said agreement, the plaintiff's right of action accrued, and the $1,250 agreed to be paid became due and payable, less the forty dollars to be paid on the labor for the year 1912. After defendants failed to convey the land, they had a right to have said forty dollars offset against the $1,250.

The judgment must therefore be reversed and the cause remanded for further proceedings in accordance with the views expressed in this opinion. Costs awarded to appellant.

Budge and Morgan, JJ., concur.

Petition for rehearing denied.